**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**HG/RP55, LLC
and
HG ENTERPRISES, LLC**

       **Plaintiffs,**

v.                                                            **Civil Action No. _____**

**T SHIRT STATION LLC
Serve:
Registered Agent:
Ahmed S. Soliman
3363 Diamond Knot Circle
Tampa, FL 33607**
       **Defendant.**

## COMPLAINT

Plaintiffs HG/RP55, LLC ("HG/RP55") and HG Enterprises, LLC ("HG Enterprises") (collectively, "Plaintiffs"), by counsel, for their complaint against Defendant T Shirt Station LLC ("T Shirt Station") state as follows:

### Nature of the Action

1. This action is for trademark infringement and unfair competition arising from the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and under the common law.

### The Parties

2. HG Enterprises is a Georgia limited liability company having its headquarters and principal place of business in Atlanta, Georgia.

3. HG/RP55 is a Virginia limited liability company having its headquarters and principal place of business in Virginia Beach, Virginia. HG/RP55 is the exclusive licensee of HG Enterprises for the Marks (defined herein).

4. Upon information and belief, T Shirt Station is a Florida limited liability company with its principal place of business in Tampa, Florida. T Shirt Station owns a number of retail stores in the Tampa area.

## Jurisdiction and Venue

5. This Court has jurisdiction over the parties and the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b) and 28 U.S.C. § 1331. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 to 1127. The state law claims herein are joined with substantial and related claims under the trademark laws of the United States pursuant to 28 U.S.C. § 1367, and fall within the Court's supplemental jurisdiction. Moreover, this Court has jurisdiction based on 28 U.S.C. § 1332, as this civil action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

6. This court has personal jurisdiction over T Shirt Station because T Shirt Station is subject to the jurisdiction of the state courts of Virginia pursuant to Va. Code § 8.01-328.1.

## Facts

7. HG Enterprises owns a federal trademark registration on the Principal Register for the mark HUSTLEGANG (U.S. registration number 4345644, a copy of which is attached as Exhibit A) (the "Registered Mark") for "hats, shirts". The USPTO issued this

registration on June 4, 2013. The application to register this mark was filed on July 13, 2012, designating that the date of first use of the mark in commerce in connection with the relevant goods was at least as early as February 23, 2012.

8. HG Enterprises owns a intent to use federal trademark application for *Hustlegang* (U.S. application number 86253330, a copy of which is attached as Exhibit B) (the "Design Mark") for "shirts, jackets, pants, coats, wind resistant jackets, sweatshirts, sweatpants, sweaters, jeans, shorts, headwear and athletic footwear and flip flops" and "backpacks, duffle bags, wallets, coin purses, business card cases and toiletry cases sold empty". The application to register this mark was filed on April 16, 2014, so its federal rights in the mark will extend from that date. HG Enterprises and/or HG/RP55 have been using the Design Mark in commerce in connection with "shirts, jackets, pants, coats, wind resistant jackets, sweatshirts, sweatpants, sweaters, jeans, shorts, headwear" since at least as early as November 30, 2013.

9. In addition, HG Enterprises and HG/RP55 own, use and have used in interstate commerce in connection with various clothing items variations of the Design Mark that include "HUSTLEGANG" and the distinctive Native American head design since at least as early as November 30, 2013 (examples of which are attached as Exhibit C) (the "Common Law Marks").

10. The Registered Mark, Design Mark and Common Law Marks (the "Marks") are being used in interstate commerce and have a substantial effect on interstate commerce.

11. Plaintiffs have expended considerable time, money and effort in the development, preparation, promotion and offering of goods in connection with the Marks.

3

12. Plaintiffs have implemented and carefully controlled a licensing program to license the Marks to one or more approved licensees in connection with merchandise bearing the Marks. Any merchandise containing the Marks manufactured and offered for sale to the purchasing public are subject to Plaintiffs' quality controls.

13. Defendant T Shirt Station has used and continues to use the Marks without Plaintiffs' consent.

14. In 2014, Plaintiffs learned that T Shirt Station was screen printing and selling clothing displaying the Marks in its store at University Mall in Tampa, Florida.

15. On December 19, 2014, HG Enterprises, through counsel, sent a cease and desist letter to T Shirt Station demanding that it immediately cease and desist from any and all use of the Marks, and that all goods and advertising and display materials displaying the Marks be withdrawn from the marketplace (the "Letter") (a copy of which is attached as Exhibit D).

16. In response, T Shirt Station notified HG Enterprises' counsel that it had complied with the Letter and ceased all use of the Marks.

17. Despite T Shirt Station's assurances that it had ceased use of the Marks, in November 2016, an employee of HG/RP55's significant licensee saw clothing displaying the Marks prominently displayed and for sale in T Shirt Station's University Mall store location (attached as Exhibit E are photos of the clothing taken by the licensee's employee).

18. The foregoing activities of T Shirt Station have deceived and caused confusion among the relevant purchasing public. It is likely that the purchasing public will believe that T

Shirt Station's products are connected, associated or affiliated in some way with the Plaintiffs, when in fact no such connection, association or affiliation exists.

19. Furthermore, T Shirt Station's persistent infringement activities have and continue to jeopardize HG/RP55's relationships with its licensees.

20. As a result of T Shirt Station's acts, Plaintiffs have suffered damages and continue to suffer substantial damage and irreparable injury.  Plaintiffs have no adequate remedy at law, and unless T Shirt Station is enjoined by this Court, T Shirt Station's acts will continue to cause irreparable injury and damage to Plaintiffs.

**Count I – Trademark Counterfeiting and Infringement (15 U.S.C. §1114(1))**

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if set forth herein.

22. Notwithstanding Plaintiffs' rights in the Marks, T Shirt Station has in the past and, if not ordered to stop its violations, will continue to use the Marks in the production and sale of its clothing.

23. T Shirt Station's use of counterfeit symbols, logos, likenesses, and images is likely to cause confusion in the minds of the public, leading the public to believe that T Shirt Station's merchandise emanate or originate from Plaintiffs and/or that one or both of Plaintiffs has approved, sponsored or otherwise associated itself with T Shirt Station's merchandise, which is false.

24. T Shirt Station's unauthorized use of the Marks constitutes an infringement and is likely to cause confusion, mistake and/or deception as to the affiliation, connection or association of T Shirt Station's merchandise with Plaintiffs and/or the origin,

sponsorship, or approval of T Shirt Station's merchandise by Plaintiffs in the minds of the purchasing public.

25. T Shirt Station's use of the Registered Mark constitutes a violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. T Shirt Station's conduct is intended to exploit the goodwill and reputation associated with Plaintiffs' Marks.

27. Plaintiffs have no control over the quality of the merchandise sold by T Shirt Station. Because of the likelihood of confusion as to the source of T Shirt Station's merchandise, Plaintiffs' valuable goodwill in its Marks is at the mercy of T Shirt Station.

28. T Shirt Station's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

29. Plaintiffs have no adequate remedy at law.

30. As a result of T Shirt Station's actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

### Count II – Federal Unfair Competition and False Designation of Origin (15 U.S.C. §1125(a))

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as if set forth herein.

32. The aforesaid acts of T Shirt Station constitute the use in commerce of symbols and devices and of false designations of origin and false or misleading descriptions and representations in connection with T Shirt Station's merchandise, in violation of 15 U.S.C. § 1125(a).

33. Upon information and belief, T Shirt Station's aforesaid acts were committed with the intent to pass off and palm off T Shirt Station's merchandise as the merchandise of the Plaintiffs, and with the intent to deceive and defraud the public.

34. T Shirt Station's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

35. Plaintiffs have no adequate remedy at law.

36. As a result of T Shirt Station's actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

### Count III – Unfair Competition (Common Law)

37. Plaintiffs repeat and reallege paragraphs 1 through 36 as if set forth herein.

38. The aforesaid acts of T Shirt Station constitute the passing-off of its merchandise as Plaintiffs' merchandise or licensed merchandise, infringement, imitation, and misappropriation of the Marks, unjust enrichment, and unfair competition with Plaintiffs in violation of Plaintiffs' rights at common law.

39. T Shirt Station's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

40. Plaintiffs have no adequate remedy at law.

41. Upon information and belief, T Shirt Station's conduct was reckless, willful, wanton and with conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of punitive damages.

### Count IV –Trademark Infringement (Common Law)

42. Plaintiffs repeat and reallege paragraphs 1 through 41 as if set forth herein.

43. The Marks are distinctive marks for Plaintiffs, its reputation and the merchandise it provides.  The Plaintiffs have established valuable goodwill due to their reputation.

44. T Shirt Station has unlawfully palmed off the name, reputation and goodwill of Plaintiffs and violated and infringed the rights of Plaintiffs.  The public has been and is deceived, as T Shirt Station induces others to believe that the merchandise, services, reputation and goodwill the Marks connote belong to T Shirt Station.

45.  T Shirt Station's unauthorized use of the Marks in interstate commerce constitutes a false designation or origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact, which constitutes an infringement of Plaintiffs' trademark rights in the Marks, and is likely to cause, and upon information and belief, has caused confusion, mistake and/or deception as to the affiliation, connection or association of T Shirt Station's merchandise and Plaintiffs.

46.  T Shirt Station's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will continue and Plaintiffs will continue to suffer great and irreparable injury.

47. Plaintiffs have no adequate remedy at law.

48. As a result of T Shirt Station's actions, Plaintiffs have suffered, and will continue to suffer, money damages in an amount to be proven at trial.

WHEREFORE Plaintiffs HG/RP55, LLC and HG Enterprises, LLC pray for relief against Defendant T Shirt Station LLC as follows:

A. That T Shirt Station and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1) using the Marks, or any reproduction, counterfeit, copy, or colorable imitation of said Marks, in connection with classification 25 or 18;

(2) using the Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that T Shirt Station's merchandise is connected with Plaintiffs or are Plaintiffs' genuine licensed products;

(3) committing any other acts that may cause the purchasing public to believe that T Shirt Station merchandise is genuinely licensed by Plaintiffs or otherwise provided for the benefit of Plaintiffs;

(4) shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

(5) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (4).

B. That T Shirt Station and any and all persons controlled by or acting in concert with T Shirt Station be required to deliver to Plaintiffs for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same.

  C. That T Shirt Station be required to account for and pay to Plaintiffs T Shirt Station's profits from the sale and use of counterfeit and infringing the Marks and such sum in addition thereto as the Court shall find just.

  D. That this case be found exceptional and Plaintiffs be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117(a).

  E. That Plaintiffs recover the damages arising out of T Shirt Station's wrongful acts in a sum equal to three times the actual damages suffered by Plaintiffs, as provided in 15 U.S.C. § 1117(b).

  F. That Plaintiffs be awarded statutory damages for T Shirt Station's willful use of counterfeit marks, in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

  G. That T Shirt Station be required to disgorge its profits and other ill-gotten gains pursuant to Virginia common law.

  H. That Plaintiffs have and recover the taxable costs of this civil action, including reasonable attorneys' fees and interest.

  I. That Plaintiffs be awarded punitive damages in view of T Shirt Station's reckless, willful, wanton acts committed with conscious disregard for the rights of Plaintiffs.

  J. That Plaintiffs have such other general and further relief as this Court deems just and proper.

  **TRIAL BY JURY IS REQUESTED**.

         Respectfully Submitted,

         HG ENTERPRISES, LLC
         and
         HG/RP55, LLC

         By Counsel

<u>/s/ Belinda D. Jones</u>
Peter E. Broadbent, Jr. (VSB 15962)
Belinda D. Jones (VSB 72169)
Noelle M. James (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:     (804) 697-4100
Facsimile:     (804) 697-4112

2054453